OLIVE L. HARLOW v. MARQUETTE, HOUGHTON & ONTONA-
GON RAILROAD COMPANY.

*Damages for right of way—Permission to lay track.*

The owner of land gave permission through her agent to a railroad
company to build its road over her land but with the under-
standing that it should not thereby acquire any rights to the
soil.   *Held* that the permission was not revoked and its effect
was not changed by the fact that the agent, from time to time
thereafter, claimed that the company was trespassing.

Where the owner of land has allowed the construction of a railroad
over it, he is chargeable with knowledge that the road is of such
a permanent nature that it cannot well be removed or aban-
doned.

Where the owner of land has allowed a railroad company to build
and operate a road over it with the understanding that the rights
of parties as to damages should be adjusted thereafter, and the
company takes statutory proceedings to fix the damages, the
owner should present all his claims for settlement in these pro-
ceedings, and cannot split his demand and reserve part of it for
future litigation.     But if such proceedings are not resorted to,
he would have a suitable remedy for the enforcement of his
rights otherwise.

Permission to build a road over one's land implies authority to use
it afterwards.

Error to Marquette.   Submitted June 17.   Decided
July 2.

TRESPASS.   Plaintiff brings error.

*F. O. Clark* for plaintiff in error.   Implied assumpsit
lies for use and occupation if there is no contract (*Ward
v. Warner*, 8 Mich., 523) unless the land is held adversely,
in which case trespass lies, *M. H. & O. R. R. Co. v. Har-
low*, 37 Mich., 556; one who enters a part of a tract
without color of title, the owner remaining in possession
of the rest, is not a disseizor unless the owner elects to
treat him as such, but is a trespasser, *Safford v. Basto*,
4 Mich., 408; *Achey v. Hull*, 7 Mich., 429; a license to

grade may be revoked by notifying the licensee that, he is a trespasser, *Druse v. Wheeler*, 22 Mich., 443; *Wetherbee v. Green*, id., 311; *Millerd v. Reeves*, 1 Mich., 111; *Mumford v. Whitney*, 15 Wend., 380; it is trespass for a railroad company to enter upon land even when the owner knows it, *Walker v. C. R. I. & P. R. R. Co.*, 57 Mo., 275; *Peters v. Elkins*, 14 Ohio, 346.

*W. P. Healy* for defendant in error.   Where one has been led to expend money in permanent improvements, it amounts to a license that cannot be so revoked as to make him a wrong-doer, *Le Fevre v. Le Fevre*, 4 S. & R., 245; *Rerick v. Kern*, 14 S. & R., 267; where one allows a railroad to be built over his land on the strength of his apparent acquiescence, he cannot reclaim the land, and his only remedy is for compensation, *Goodin v. Cin. & Whitewater Canal Co.*, 18 Ohio St., 169.

MARSTON, J.   Plaintiff brought trespass to recover damages for breaking and entering upon her lands in the construction of a road, and for disturbing her in the possession thereof, and in hindering her from carrying on and transacting her lawful business thereon.   Upon the trial her counsel claimed to recover "damages sustained for the use of the property per year, not as a damage to the land itself, but as a damage from the use of the land during each year."

The railroad company entered upon the land and commenced the construction of the road in 1871, completed, and ever since has been using the same.

Amos R. Harlow, the husband of the plaintiff, and who represented her, was called as a witness and examined.   His testimony clearly showed,—and was not disputed,—permission to the company to proceed and construct the road, but with an understanding that it should not thereby acquire any right in the soil.   Mr. Harlow's whole course of conduct, what he said from time to time, and what he did in reference to culverts, fences and other matters, places this beyond dispute.

The fact that he, at certain times, claimed that the railroad company and its agents were trespassers, could not change the effect of the permission given, or revoke it. The whole tendency of his testimony is to show that while the company might proceed with the construction of its road, yet that plaintiff should lose no rights thereby, but that her claims should be provided for and adjusted thereafter. He also declined to make any proposition in reference to a sale of the right of way, giving as a reason therefor that until the road was built he could not tell what the damages would be. It is clear that both parties contemplated an adjustment of all questions in dispute, both as to the right of way and the damages which plaintiff might sustain on occasion of the premises, by an amicable agreement thereafter, or by legal proceedings to secure the right of way, where the entire matters in controversy could be settled and determined.

In 1877 proceedings were commenced by the railroad company under the statute, which are conceded to have been regular, and damages were awarded the plaintiff, which were paid to and received by her. The statute provides that the jury "shall ascertain and determine the damages or compensation which ought justly to be made by the company on account of any damage, or on account of the construction, repairing, or operating of said railroad or its appurtenances."

Had such proceedings been taken in the first instance to condemn the land and determine the damages, it is very certain that the plaintiff could not maintain this action. As permission was given the company to proceed and construct and operate its road, with the understanding that the rights of the parties should thereafter be adjusted as already stated, we are of opinion that it was incumbent upon the plaintiff to present all her claims in the proceedings instituted, and that she could not reserve a part for future litigation.

The jury could consider the benefits to plaintiff's

land, if any, from the construction of the road, and these may have been sufficient to counterbalance any injury she may have sustained from inconvenience or loss of the use of the land.   At all events, under the authority given, the work done being of that permanent, nature that it could not well be abandoned or removed, of which plaintiff must be charged with full knowledge, she could not afterwards treat the company as a trespasser—certainly not for the original entry and work done thereunder, because that was with her permission; nor for using its road-bed since then, because the permission given to build the road carried with it an implied authority to use it when built.   In view of all the facts in this case we are of opinion that all claims of the plaintiff should have been presented in the proceedings taken under the statute.   Had the railroad company not commenced such proceedings then plaintiff would still have had a suitable remedy for the enforcement and protection of her rights, but having had that opportunity she could not split up her claim.   The proceedings under the statute must be held to settle all questions of this kind and to prevent farther actions thereafter.

The judgment must be affirmed with costs.

The other Justices concurred.