SAMUEL A. FITCH v. THE CONSTANTINE HYDRAULIC COMPANY.

*License of flowage—Arbitration and award.*

A written agreement permitting the establishment of a dam, granting a
    right of flowage, providing for a perpetual use and for the settlement
    of damages, and containing no clause of forfeiture on default, is not
    a revocable license, but an absolute sale on time for credit.

The president and secretary of a corporation are proper officers to agree
    for it upon an arbitration.

Damages for a right of flowage are a proper subject of statutory arbitra-
    tion, and the award is binding if it agrees with the express terms of
    the submission.

Error to St. Joseph. Submitted June 9. Decided June 16.

TRESPASS ON THE CASE. Plaintiff brings error. Affirmed.

*O. F. Bean* and *Charles Upson* for plaintiff in error. The
president of a corporation has no authority to bind it by suing
in its name: *Ashuelot Mnfg. Co. v. Marsh* 1 Cush. 507;
Ang. & Am. on Corporations § 297.

*H. H. Riley* for defendant in error. A corporation is
bound by the acts of its officers *de facto : Cahill v. Kalama-
zoo Mut. Ins. Co.* 2 Doug. (Mich.) 124. An executed license
involving expenditure is regarded in equity as an executed
agreement for a valuable consideration and will be enforced
even when merely verbal and relating to realty: *Rerick v.
Kern* 14 S. & R. 267; *Walsh v. Whitcomb* 2 Esp. 565;
*Watson v. King* 4 Camp. 272; *Bromley v. Holland* 7 Ves.
3; *Wood v. Manley* 11 Ad. & El. 34; *Thomas v. Sorrell*
Vaughan 330; *Wood v. Leadbitter* 13 M. & W. 884; *Rhodes
v. Otis* 33 Ala. 578; *Wingard v. Tift* 24 Ga. 179; *Lane v.
Miller* 27 Ind. 534; *Wilson v. Chalfant* 15 Ohio 248; *Lacy
v. Arnett* 33 Penn. St. 169; *Snowden v. Wilas* 19 Ind. 10;
*Stephens v. Benson* id. 367.

CAMPBELL, J. Fitch sued defendant for a private nuisance
in unlawfully maintaining a dam, and overflowing his lands.

It appears that on the 31st of July, 1873, defendant, having been organized for hydraulic purposes, and finding it necessary to build a dam in the St. Joseph river to get the requisite facilities, entered into a written agreement with a number of riparian owners, including Fitch, for the purpose of " obtaining the right to perpetually flow such lands as may be necessary to the erection and maintenance of their water-power as aforesaid." The agreement proceeded as follows: It was first provided that the land owners would agree to allow the defendants to erect their dam and raise the water until August 1, 1874, without objection, and that at that time each should convey the necessary right of flowage to maintain the dam and power, provided defendants should pay such damages as had then accrued or might accrue, in the manner specified, which was—*First*, that defendants should within a reasonable time after the actual amount of damage could be ascertained, and before that day, pay such sum as should be agreed upon; *second*, if not agreeing, that they should arbitrate in accordance with the statute, the award to fix the damages and provide for a conveyance; or *third*, that the lands might be condemned.

Articles of arbitration were thereafter entered into, but did not fix any court in which judgment should be rendered. An award was made of one hundred dollars, but judgment of confirmation was vacated on the application of Fitch. The award was signed by one of the two arbitrators named in the agreement and by the third who had been chosen by the other two, and who was named in the agreement of submission.

Fitch afterwards notified defendants to abate their dam, and on failure thereof brought suit. The court held he could not recover, basing the ruling on the arbitration and refusal to accept the tender of the amount awarded.

We think there is no doubt this is such an arbitration as might have been covered by the statute if it had been made in due form. The statute only excludes freehold estates. Comp. L. § 6890. It is also clear that if the submission had mentioned any court, it would have been perfectly regular.

The objection that the award does not require a conveyance is of no force, because the submission does not. The signature of the two arbitrators instead of three would not make it void unless it was made to appear, on a motion to vacate, that they had signed in disregard of the conditions regulating execution by a majority. No presumption exists under the statute against it, and the parties seem to have acted in the first instance on the supposition that they were conforming to the statute.

We think that the parties, who could make any form of arbitration they pleased outside of the statute, did by the express terms of their submission agree to follow the statute except as they varied from it. And we think this award was therefore binding.

There is nothing in the objection that no authority is shown in the president and secretary of defendants to agree on arbitration. They are the officers presumably empowered to make ordinary agreements, and such a company cannot exist without power somewhere to agree on rights of flowage. A right to arbitrate any difference on this head is incidental.

But the nature of this species of litigation as liable to claims for continuing nuisances, makes it proper to refer to the agreement more directly. The works which such companies erect must necessarily be designed for permanence, and when they are given a right of flowage, it resembles the rights procured by other corporations, such as railways and canals, of subjecting land to permanent conditions in the use of permanent structures. The written agreement already quoted provides for a perpetual use, and contains no clause of forfeiture on default. It contains provisions whereby the land owners can obtain damages under provisions capable of legal and equitable enforcement. The damages are payable once for all. The agreement is an absolute sale and right of immediate and perpetual possession, in consideration of a future payment. It is in no sense a license of a revocable character. It is in its necessary meaning a grant as irrevocable as any other grant or sale on time and for credit. The interest once granted is no longer permissive but absolute. It would be

extremely absurd to regard a railroad company as a trespasser because it did not pay the land owner what it had promised to pay when he granted leave to locate it.   The effect of such a grant of right is to encourage and procure the erection of large and costly structures which cannot be made subject to destruction at the whim of any one who thinks such a grant is no more than a perpetually revocable license.   The law is not very well provided with common-law terms to reach cases like the present, but the idea of including such rights within the rules applicable to temporary licenses for temporary purposes is too extravagant to be entertained.   The doctrines laid down in *Harlow v. Marquette, Houghton & Ontonagon R. R. Co.* 41 Mich. 336, apply to this case and dispose of it.

The judgment must be affirmed with costs.

The other Justices concurred.