HENRY H. SCARVELL v. THE GRAND RAPIDS & INDIANA RAILROAD COMPANY.

*Trespass—License—Revocation.*

Under a verbal arrangement with the owners of certain lands, who furnished the ties, a railroad company constructed a spur track upon said lands for the accommodation of the business of said owners.  One of said owners, by a deed containing no reservations, conveyed his land to a partner in business, who had full knowledge of the arrangement under which the spur track was built.  The grantee, after continuing the business for a time, upon the refusal of the railroad company to pay rent for the use of the land, requested it to remove its track, and on its failure so to do sued it in trespass, and recovered nominal damages.  And it is held that, as the defendant was given the actual possession of the land, and executed the license, which was largely for the benefit of the plaintiff's grantor, it cannot be made a trespasser by an attempted revocation, either expressly or by implication of law, but the

rights of the parties must be determined in some proceeding wherein a judgment of ouster can be rendered.

Error to Kalkaska.     (Aldrich, J.)     Argued June 27, 1894.  Decided December 28, 1894.

Trespass.  Defendant brings error.  Reversed, and judgment entered in this Court for defendant.  The facts are stated in the opinions.

*T. J. O'Brien, J. H. Campbell,* and *W. D. Totten,* for appellant.

*Chauncey C. Jencks,* for plaintiff.

GRANT, J.  The defendant was convicted of trespass *quare clausum fregit.*  The acts of trespass consisted of maintaining a spur track over plaintiff's land, and running freight cars over the same.

About 10 years prior to the trial of the cause in the court below, one Amos C. Beebe owned the land, upon which was a gristmill, at which Beebe carried on both a commercial and custom business.  Beyond and adjoining this land was the sawmill of the Smith Lumber Company.  Mr. Beebe, the Smith Lumber Company, other parties, and the defendant entered into an arrangement or understanding for the construction of the track in question, which ran so as to accommodate the gristmill, the sawmill, and also the other parties interested.  Beebe, at his own expense, furnished the ties for the construction of the track across his land; the lumber company and other parties did likewise; and the defendant furnished the rails and constructed the track, which was used for the joint benefit of all the parties, until Beebe sold and conveyed the land and the mill to the plaintiff, in 1891.  After the purchase by plaintiff, he carried on only a custom business, and had but little occasion to use the track.  Part of the

tramway used by the Smith Lumber Company in connec-
tion with the spur track is upon plaintiff's land, for the
use of which he receives a rental.  The deeds from Beebe
to plaintiff contained no reservation, but the plaintiff had
full knowledge of the arrangement, having been in part-
nership with Beebe for some time previous to his purchase
of the entire property.  The arrangement for the construc-
tion of this track rested entirely in parol.  In April, 1892,
plaintiff rendered a bill to the defendant, claiming $75 for
the use of the land for switching purposes for the previous
year.  The defendant refused payment, and denied liability
to pay any compensation.  In August, 1892, he wrote the
defendant a letter, stating that, because it had failed to
allow him any compensation for the use of his premises,
he therefore requested it to remove the track.  This the
defendant failed to do, and plaintiff thereupon instituted
this action of trespass.  The findings by the court are
numerous, but the above statement is sufficient to present.
and dispose of the question which is decisive of the case.

Plaintiff insists that the defendant had only a parol
license to enter upon the land in question, which was re-
voked by the deeds from Beebe to him, and that there-
after defendant became a trespasser in its use of the track.
The defendant insists that trespass is not the proper
remedy, and that the parol license was coupled with an
interest, was executed, and is therefore irrevocable.

This spur track was constructed at the joint expense of
the defendant and the several parties over whose land it.
ran, and who were entitled to its use.  No time was men-
tioned for its existence, but it was the evident understand-
ing among the parties interested that it should be contin-
ued so long as there was occasion for its use.  Evidently,
none of the parties would have incurred the expense of its
construction if it had been understood that one of them
might at any time terminate the license, and render the

others trespassers by its use. We are not called upon in this suit to determine the important questions arising under an executed parol license, coupled with an interest in the land. The plaintiff has clearly mistaken his remedy. The defendant lawfully entered, and was lawfully in possession. If it be granted that the deeds terminated the license, yet this did not operate to render the defendant's possession tortious and its use a trespass. As well might a tenant whose right to possession and use has been terminated be prosecuted in trespass for remaining in possession. This is not a case of a mere naked license to enter for temporary purposes, such as the cutting of timber, the drawing of water, or the passage over one's land on foot or with teams. In these cases the licensor remains in the actual possession of his property, the licensee obtains only a temporary possession, which is not exclusive nor coupled with any interest, and the revocation of the license terminates all right of entry. But in the present case the defendant was given the actual possession of the land. It took possession and executed the license, which was largely for the benefit of the plaintiff's grantor, and for the accommodation of the business carried on by him. Under these circumstances, it cannot be made a trespasser by an attempted revocation, either expressly or by implication of law. The rights of the parties in such case must be determined in some proceeding wherein a judgment of ouster can be rendered. Such was the course pursued in *Wood v. Railroad Co.*, 90 Mich. 334, an action of ejectment, upon which case the plaintiff mainly relies to establish revocation by deed.

Judgment reversed, and entered in this Court for the defendant, with the costs of both courts.

McGRATH, C. J., LONG and MONTGOMERY, JJ., concurred with GRANT, J.

HOOKER, J. *(dissenting)*.  The plaintiff recovered a judgment of six cents damages and costs in an action of trespass.  The findings of fact show, in substance, that the plaintiff's grantor permitted the defendant to lay a spur track or switch across his land, upon ties furnished by him.  He did not participate in the negotiations with defendant, but permitted the track to be laid in accordance with an arrangement between himself and adjoining mill owners.  The track was laid about 10 years ago, and has been used for running cars to and from the mills upon the same.  On March 3, 1890, the plaintiff became the owner of the undivided one-half of the premises in question; and on March 12, 1891, he purchased and obtained title to the other undivided half of the same.  These purchases were made by plaintiff with full knowledge of the existence of the track and the arrangement under which it was laid.  In April, 1892, plaintiff demanded of the defendant the sum of $75, as compensation for the use of his land by the spur track for the year immediately preceding April 1, 1892.  Defendant refused to pay the same, denying liability.  In August, 1892, plaintiff required defendant to remove its track, and, upon its failure to do so, brought this action, to recover for alleged trespasses since such refusal.  The defendant's counsel contend (1) that the defendant built its spur under a license which is coupled with an interest, and is irrevocable; (2) that, if not, the license was not revoked by the deeds of the plaintiff; (3) that, in any event, trespass would not lie, but that the action should be ejectment.

The first of these questions is disposed of by the case of *Wood v. Railroad Co.*, 90 Mich. 334.   To hold otherwise would do violence to the rule, well settled in this State, that title to land cannot be acquired by estoppel.   It needs no further comment, unless it be to add that in the case of *Harlow v. Railroad Co.*, 41 Mich. 336, the road was

built by the consent of the plaintiff, upon an oral promise that her claims should be adjusted. Subsequently, she was awarded damages by a jury, which the Court held settled her claim. See *Callanan v. Railway Co.*, 61 Mich. 22; *Barnes v. Air Line Ry.*, 65 Id. 253; *Grand Rapids, Lansing & Detroit R. R. Co. v. Chesebro*, 74 Id. 474. Under the circumstances of that case, it was said that she could not revoke the license under which the road was constructed. In short, the land was treated as condemned.

It becomes unnecessary to discuss the second question, for, if the deeds to the plaintiff did not have the effect of revoking the license, his express demand to remove the track did.

Upon the third point, it may be said that whether or not trespass will lie must depend upon the question of possession. If the facts were such as to be inconsistent with plaintiff's possession, ejectment, and not trespass, might be the remedy; *e. g.*, if the lands had been fenced, and occupied exclusively by the defendant. There is nothing to indicate such possession. The railroad company laid its rails upon the ties and ground of the plaintiff's grantor, and ran its cars across and upon this track for the convenience of the mill owners. There is no reason for saying that it ever asserted or enjoyed possession, to the exclusion of the plaintiff or his grantor. For aught that appears, this was like any other way used under a license. The licensee used it when its business required, and the possession remained in the owner of the fee.

I find no error in the record, and think the judgment should be affirmed.