ROSE *v.* SUPREME COURT, ORDER OF PATRICIANS.

MUTUAL BENEFIT ASSOCIATIONS—RIGHT OF ACTION—EVIDENCE—PHYSICIANS.

  *1. Where a beneficiary in a fraternal insurance organization is denied the remedy by appeal provided for by the association, he may maintain a suit at law.

  2. An opinion of a physician based upon the appearance of the patient at the time of treatment is not admissible.

126    577
d134 ¹ 89

126    577,
d135 ¹498
d135 ¹501

126    577
138    ¹376
138    ¹377
138    379
j138   ²387

126    577
158    ¹198

Error to Berrien; Coolidge, J. Submitted April 5, 1901. Decided May 7, 1901.

*Assumpsit* by Thomas Rose against the Supreme Court of the Order of Patricians on a benefit certificate. From a judgment for plaintiff, defendant brings error. Affirmed.

The defendant is a fraternal beneficiary order, incorporated under the laws of Michigan. Plaintiff's wife became a member of the order August 18, 1898, and passed the usual medical examination. She died November 18th following. Plaintiff was her beneficiary. Her certificate was for $1,000. In her application she stated that she was 45 years of age; was in good health; had never consulted a physician; never had a serious illness; no disease of heart, stomach, or bowels; no irregularity of the heart's action; no loss of consciousness; no palpitation of the heart. This application further stated that the answers and statements are correct, and shall form the basis for the issuance of a benefit certificate, and that the certificate issued thereon and the answers and statements shall be considered together, and construed as one complete contract.

---

* Head-notes by GRANT, J.

   126 MICH.—37.

Proofs of death were submitted. The claim was thereupon referred to the judiciary board for investigation. That board consisted of Hicks, Hammond, and Kennedy. Hicks was the chief justice, Hammond the first supreme counselor, and Kennedy the second supreme counselor. There are seven directors. The by-laws provide that three shall constitute a quorum for business. Mr. Hammond made an investigation, evidently in behalf of the judiciary board, procured affidavits in three townships, and on March 17th he reported to the board of directors, all of whom were present but one. He reported that the deceased misrepresented her age; that she had been affected with stomach, bowel, and heart trouble for several years prior to her death; that she had employed two physicians to treat her professionally before her application was made. He further reported that she had made other false and untrue statements in her application and examination, and recommended the disallowance of the claim. Thereupon the board unanimously disallowed the claim, and fixed a day for hearing further evidence. Due notice of such meeting was served upon plaintiff and his attorney, in accordance with the rules of the order. At that meeting were present, as directors, Hicks, the chief justice, Mr. Hammond, and Mr. Platt. Plaintiff and his attorney appeared and presented the certificate and proofs of loss, and demanded the right to cross-examine the parties whose affidavits had been taken. This was refused. He was then given an opportunity to produce witnesses, but declined. No further proof was produced upon the part of the association or the claimant. The claim was again disallowed, and an appeal was taken to the supreme court of the order.

At the meeting of the supreme court, Hicks appointed a committee of three on appeals, petitions, and grievances. Plaintiff and his attorney appeared before the committee. Affidavits were presented, and the committee reported, recommending that the claim be disallowed, which report was unanimously approved by the supreme court. Plain-

tiff again protested against the sufficiency of these *ex parte* affidavits, and asked that the witnesses be produced and he be allowed to cross-examine them. This was refused. Plaintiff also refused to produce any witnesses, although an opportunity was afforded him. Thereupon plaintiff instituted this suit at law to recover the amount due upon the certificate.

The by-laws provide that the board of directors shall pass upon all claims; that no benefit shall be paid if the applicant has given untrue or misleading answers regarding his family history, age, habits, or physical condition. When a death occurs, the clerk of the division court must report the same to the supreme court. The clerk of the supreme court is required then to send to the division court blank forms for proofs of death. The claim is then to be examined by the board of directors, and if, in their judgment, it is not valid, they are required to notify the beneficiary, and fix a time for hearing before the board. The decision of the board is conclusive, unless an appeal is taken to the supreme court; and the by-laws provide that "no suit at law or in equity shall be commenced by any beneficiary or disabled member against the supreme court."

Section 45 relates to the duties of chief justice, and requires him—

"To appoint, at the commencement of each regular session of the supreme court, the following committees, to be composed of three members each, to serve during the session, to wit: On credentials; on appeals, petitions, and grievances; on constitution and laws; and on mileage and per diem."

Section 111 reads:

"The committee on appeals, petitions, and grievances shall examine and report on all appeals, petitions, and grievances taken to the supreme court, with such recommendations in each case as it may deem best."

The case was submitted to the jury, and a verdict rendered for plaintiff.

*Hammond & Hammond* and *W. C. Hicks*, for appellant.

*Lawrence C. Fyfe*, for appellee.

GRANT, J. (*after stating the facts*). In submitting the case to the jury, the circuit judge held, without stating any reasons, that the case was one for the determination of the jury, and left all the questions of fact to them. The articles and by-laws of this association in regard to death and other claims are the same in effect as those of the Knights of Maccabees and other fraternal organizations, which have been frequently before this and other courts. They are valid, and have been so often discussed that further discussion is unnecessary. The cases are referred to in *Raymond* v. *Insurance Co.*, 114 Mich. 386 (72 N. W. 254).

1. The proceedings provided by the constitution and by-laws of the defendant are very arbitrary and unusual. It is incumbent upon the officers charged with such examination to pursue the methods provided with strictness, and to give to the claimant the hearing provided for. Three, a minority of the board of directors, are authorized to make an examination and to pass upon the claim in the first instance. The examination was conducted with secrecy by the attorney for the defendant, who was also one of its directors. Without notice to the plaintiff, the board of directors prejudged his claim upon these *ex parte* affidavits and report of the attorney, and disallowed it. Notice was then given to him to appear before the board, at which meeting only three of the directors were present, including the attorney for the board, who had made the *ex parte* examination. Common justice would certainly require that the witnesses against the claim should be produced before the board, and be subjected to cross-examination. Whether, however, such a course was authorized by the constitution of the defendant, we need not determine. Plaintiff properly took his appeal to the supreme court of the order, as he was required to do.

This appeal is not to a committee of the supreme court, but to the supreme court itself. Section 111 cannot be construed as authorizing such committee to pass upon the claim. The claimant is entitled to produce his testimony before the entire court, and not before the committee thereof, and it is the duty of the defendant to there produce its testimony against the validity of the claim. The burden is upon it. No evidence whatever was submitted to the supreme court, and that body acted upon the recommendation of the committee that the claim be disallowed. The attorney for the defendant did not produce any testimony, or apparently seek any in favor of the plaintiff. Whether he, the board of directors, or the committee of the supreme court based the rejection of this claim upon these *ex parte* affidavits alone, or upon the further report of the attorney that she had made other false and untrue statements, of which he produced no evidence, does not appear. The claim is to be heard *de novo* upon appeal to the supreme court, and both parties are entitled to there produce witnesses. Plaintiff was deprived of the hearing to which he was entitled, and therefore he may maintain a suit at law to enforce his claim.

Counsel for the defendant cite *Fillmore* v. *Knights of Maccabees*, 109 Mich. 13 (66 N. W. 675); in support of their contention. We did not pass there upon the validity of the action of the committee. The complainant in that case had not pursued the remedy provided for by the defendant, as has the plaintiff in this case.

2. A physician who had been employed by the deceased was called as a witness by the defendant, had testified to his attendance upon her, and he was then asked:

" Excluding any knowledge or information you obtained while treating the insured, and judging from her appearance at the time of the treatment, what is your opinion whether she was a woman in good health and sound body, and a woman who usually enjoyed good health ? "

The refusal of the court to permit an answer to this

question is alleged as error. It was excluded under section 10181, 3 Comp. Laws 1897. Counsel rely upon *Edington* v. *Insurance Co.*, 77 N. Y. 564, where the question was asked:

"Excluding any knowledge or information that you obtained while treating deceased, and judging from his appearance from that time until 1867, what is your opinion as to whether he was a man in good health?"

The difference between the two cases is apparent. In the New York case, any information or knowledge of his appearance while the physician treated him was not asked for. The physician had seen him many times after his employment had ceased, and his appearance upon which his opinion was based was expressly limited to that period. In the present case the witness was asked to give an opinion based upon her appearance at the time of the treatment. This was excluded by the statute.

Some questions were raised upon the charge of the court, which are not of sufficient importance to discuss. We think the charge was a correct embodiment of the law.

Judgment affirmed.

The other Justices concurred.