## DERRY v. GREAT HIVE, LADIES OF THE MODERN MACCABEES.

1. BENEFIT SOCIETIES—ARTICLES AND BY-LAWS—CLAIMS—TRIBUNAL—DECISION—CONTRACT.

The provisions of the articles and by-laws of a fraternal benefit association, creating a tribunal of its members to hear and determine all claims of members against it, and declaring that its decision shall be final, are valid, and form a part of the voluntary contract of membership.

2. SAME—APPEAL—ACQUIESCENCE.

Where an appeal to the supreme tribunal, consisting of 540 members, from the rejection of a claim by the great executive committee, heard on affidavits, was referred, under a law of the order, to the committee on appeals and grievances, and was determined adversely on the same affidavits, and was subsequently, without objection by the claimant, heard and determined on like affidavits by the entire body, held, that claimant had acquiesced in the proceedings, and, in the absence of a request to have the witnesses produced, could not complain in the courts. Rose v. Supreme Court, Order of Patricians, 126 Mich. 577, distinguished.

3. SAME—HEARSAY STATEMENTS—HARMLESS ERROR.

> The association's medical examiner, in an argument before the supreme tribunal, referred to statements made to her by one of decedent's neighbors; whereupon the association's attorney promptly advised the members that it was their duty not to consider such hearsay statements, but to determine the question upon the evidence, and in an impartial way reviewed the testimony.   *Held,* that the error was cured.

Error to Gratiot; Stone, J.   Submitted November 18, 1903.   (Docket No. 129.)   Decided January 26, 1904.

*Assumpsit* by Emma R. Derry against the Great Hive, Ladies of the Modern Maccabees, on a benefit certificate. From a judgment for plaintiff on verdict directed by the court, defendant brings error.   Reversed.

One Martha S. Webber, on March 21, 1900, made application in writing for membership in one of the subordinate hives of the defendant, and for an endowment certificate for $1,000.   In this application she made certain statements as to her present and past physical condition, and that she had not been attended by a physician for two years previous.   She was examined by the physician of the order, and her application approved by the great medical examiner, Dr. Emma E. Cook.   In April following, a certificate of membership and insurance was issued to her.   Upon the 25th of November, 1901, she made application for total and permanent disability, stating that she became totally disabled on July 5, 1901.   She died January 8, 1902.   Proofs of death were duly made, and a hearing thereon was had before the great executive committee at various times between the 11th of March and June 4th.   This committee rejected the claim.   Thereupon plaintiff took an appeal, under the rules of the order, to the great hive, whose meeting was to be held June 11, 12, and 13, 1902.   The appeal was referred, in accordance with the by-laws and constitution of the order, to the committee on appeals and grievances, to examine and report.

All the affidavits (no other method of taking evidence

appears to have been suggested or adopted) which were taken before the great executive committee were submitted to the committee on appeals and grievances, and one other affidavit on behalf of the plaintiff was submitted by the plaintiff herself, in which she stated that she fully explained to the examining physician the fact that her mother had had a severe hemorrhage of the nose shortly before her application, and that physicians were called to attend her. Her attorney appeared before the committee. The committee made its report to the great hive, recommending that the claim be disallowed on the ground of false representations made in the application. These affidavits were evidently reported by the committee to the great hive. The attorney for plaintiff appeared and made an argument, discussing the proofs that were submitted, and made a strong appeal for the allowance of the claim. Dr. Cook, the medical examiner, replied, and made some hearsay statements of what parties had told her. Mr. De Vere Hall, the attorney for the defendant, also spoke, and advised the members of the hive that they should not consider such hearsay statements as were made by Dr. Cook, but must determine the question upon the evidence submitted, and in an impartial way reviewed the testimony. To these arguments plaintiff's attorney replied. The great hive then went into secret session, and, after consideration, rejected the claim. Plaintiff then instituted this suit at law, and recovered verdict and judgment.

*De Vere Hall*, for appellant.

*W. A. Leet*, for appellee.

GRANT, J. (*after stating the facts*). The court directed a verdict for the plaintiff upon the ground that the plaintiff did not have the fair and impartial trial she was entitled to under the laws of the association. The chief reason for so directing a verdict appears to be that, in the opinion of the learned circuit judge, referring the appeal to a committee was not a compliance with its contract,

providing for an appeal to and a determination by the great hive.

There is no claim of fraudulent conduct on the part of the defendant or its officers. The judge, in instructing the jury, said that the defendant followed its usual course upon the appeal, and did not act in bad faith. The defendant's articles of association and its by-laws provide a tribunal of its own members to hear and determine all claims against it on the part of its members, and provide that such finding shall be final. These provisions are the same that have repeatedly been before this court in similar organizations, and have been sustained. A citation of authorities is unnecessary. These provisions are fully understood by applicants, and they become members knowing that they form a part of their voluntary contract. They also understand that these hearings cannot and are not conducted under the legal rules of evidence, or with the formalities of a suit at law. The committee on appeals and grievances is provided for by one of the standing laws of the order. Section 38. Its duty is "to examine all appeals,   *   *   *   and report to the great hive the same, together with its recommendations."

No one asked, either on behalf of the plaintiff or the defendant, to produce any witnesses, or to have them sworn, before the great hive or its committee. It seems to have been understood that the committee and the great hive were both proceeding in the usual manner. The affidavits were many, both for and against the claim. The plaintiff submitted to the great hive and the committee the only testimony (the affidavit of plaintiff) which was not taken before the great executive committee. This evidence was available to both sides, and it appears that plaintiff's attorney, in his argument before the great hive, fully referred to it and argued the facts. It is true that Dr. Cook, in her argument before the great hive, in the presence of defendant's attorney, referred to statements made to her by one of the decedent's neighbors. This statement would, of course, have been incompetent in a court of law, and the

defendant's attorney promptly told the members of the great hive that it was 'their duty not to consider it. If these proceedings are to be controlled by the rules governing suits at law, probably not one of the hearings before these orders could be sustained. *Rose* v. *Supreme Court, Order of Patricians*, 126 Mich. 577 (85 N. W. 1073), does not control this case. That differs from this in one important and decisive particular. There the claimant on appeal, before both the judiciary board of investigation and the supreme court of the order, protested against the sufficiency of the *ex parte* affidavits, and asked that the witnesses be produced, and he be allowed to cross-examine them, and this was refused, while in this case the plaintiff acquiesced in all that was done. In that case the entire proceeding was conducted without regard to fairness and justice.

The great hive consists of 540 members. Much of its work must necessarily be done by committees. He who desires to have his evidence produced in the first instance before this large body, instead of in the usual way provided by its by-laws, must ask that this course be taken before he can be heard to complain. This claim on appeal came before it in the usual method, and the one provided by its laws, and without protest or objection from any one. The beneficiary is subject to the contract made by the insured. We think the great hive had jurisdiction; that at no stage of the proceedings was jurisdiction lost; and that its action was final.

The judgment is reversed, and new trial ordered.

The other Justices concurred.