135    499
138   ⁴376
j138   ⁴386
j138   387
135    499
144   ⁵424

BARKER *v.* GREAT HIVE, LADIES OF THE MODERN
MACCABEES.

1. Benefit Societies—Claims—Tribunal—Appeal—Evidence—
Ex Parte Affidavits.

On appeal from the great executive committee to the supreme
tribunal of a benefit association, it was proper to dispose of
the case on the testimony before the committee; and it was
not a valid objection to its allowance that it consisted of *ex
parte* affidavits, since plaintiff, by himself using such affida-
vits, assented to such practice, and it was open to him to
offer additional proofs.

2. Same—Denial of Hearing.

Plaintiff having been represented by counsel, with full oppor-
tunity to examine the papers and discuss the case, the fact
that the affidavits were not read, but the statements of coun-
sel accepted, did not amount to denying plaintiff a hearing,
although his counsel did not know that the affidavits were
accessible.

3. Same—Physician's Certificate—Objections.

A physician's certificate adverse to plaintiff's claim, not veri-
fied under oath, was read on the hearing before the supreme
tribunal, the sole ground of objection being that plaintiff had
a right to cross-examine the writer.  *Held*, that the objection
was not valid, as plaintiff's proofs were taken without afford-
ing defendant that right.

4. Same—Evidence.

Where a controversy is submitted to a tribunal of the par-
ties' own selection, a body of delegates of several hundred in
number, they may be expected to act more freely and less
technically than courts and regular juries, and the only rule
for the admission and exclusion of testimony is that of com-
mon fairness.

5. Same—Hearing—Finality of Decision.

Testimony having been produced before the supreme tribunal
by defendant as required by proper practice under its rules,
and plaintiff having had a legal and fair hearing, an adverse
decision was final (*Derry* v. *Great Hive L. O. T. M. M., ante,*
494) ; and its validity could not be affected by the fact that

> plaintiff was not afforded an opportunity to be present when
> the great executive committee disposed of the case.

Error to Alpena; Emerick, J. Submitted November 18, 1903. (Docket No. 130.) Decided January 26, 1904.

*Assumpsit* by Charles S. Barker against the Great Hive, Ladies of the Modern Maccabees, on a benefit certificate. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Reversed.

*De Vere Hall*, for appellant.

*Charles R. Henry*, for appellee.

CARPENTER, J. This case is much like the case of *Derry* v. *Great Hive L. O. T. M. M., ante,* 494 (98 N. W. 23). The two cases were heard by the great hive of defendant order at the same time and in the same manner. In this case, as in that, the decision of the great hive was adverse to the claimant. In this case, as in that, the single question involved relates to the binding force of that decision. The learned trial judge was of the opinion that plaintiff was not bound by that decision, and directed a verdict in his favor. Was he right?

Was plaintiff bound by the decision of the great hive of the order that his claim was invalid? When plaintiff's appeal was discussed and disposed of by the great hive, there was before it the report of its committee on appeals and grievances, together with the affidavits upon which its great executive committee determined the case. Some of these affidavits were favorable, and some adverse, to plaintiff's claim. With these affidavits was the unsworn certificate of a physician who had formerly attended the assured. This certificate indicated the invalidity of plaintiff's claim. This certificate, though presented to the executive committee, was withdrawn because it was not verified upon oath. When the appeal was presented to the great hive, plaintiff was not denied a hearing. He

was represented by able counsel, who was afforded full opportunity to examine the papers and discuss the case. No witnesses were sworn. The affidavits were not in fact read. The only document which was read was the physician's certificate, before referred to. The hearing proceeded, however, upon the assumption that the affidavits and said certificate constituted the record. They were referred to in argument, but, it must be confessed, in such language as to convey only an imperfect and erroneous idea of their contents.

It cannot be contended that it was improper to dispose of the case on the testimony introduced before the executive committee. The rule of defendant order providing for appeals to the great hive gave that body "the power to take additional proofs." This, we think, clearly implied that it might at least consider the proof taken before the executive committee. Moreover, plaintiff, when appealing, claimed the right to "present to said committee of the great hive, to whom he now appeals, the proofs, affidavits, and evidence which he presented to the executive committee, and that he be allowed to submit other and further affidavits and proofs in support of his claim" (which, it is to be observed, he did not do).

Nor can it be claimed that this proof should have been disallowed because it consisted of *ex parte* affidavits, as it must be held that plaintiff, by himself using such affidavits, assented to that practice. When he asked the great hive to consider his evidence of that character, he could not object to its considering opposing evidence of like character.

It is contended that it was the duty of defendant to present the proof by reading the affidavits, and that, because it failed to do so, plaintiff did not have the hearing to which he was entitled. This contention is based upon the language of this court in *Rose* v. *Supreme Court, Order of Patricians*, 126 Mich. 581 (85 N. W. 1073), where it was said:

"The claimant is entitled to produce his testimony before the entire court, and not before the committee thereof, and it is the duty of the defendant to there produce its testimony against the validity of the claim."

It was not meant by the statement, "It is the duty of the defendant to there produce its testimony against the validity of the claim," that the defendant should produce testimony in any other or different way than that required by proper practice under its own rules. In that case it was decided that the decision of the supreme court of defendant order was not binding because it did not give the claimant the hearing he was entitled to receive. Indeed, an inspection of the record proves that he was denied a hearing by said supreme court.

We cannot agree to the proposition that plaintiff was denied the hearing to which he was entitled because the affidavits and other proofs were not read to the delegates of defendant's great hive. It was clearly the duty of the representatives composing the great hive to acquaint themselves with the case before them, but it was equally the duty of counsel to present that case. The delegates might obtain their information either by reading the affidavits or by listening to counsel's statement. We cannot say that they failed in their duty because they chose the latter course. Indeed, that is the choice which one would naturally expect them to make. If they did not get from counsel's statement full information about the case, if it conveyed to them improper notions, we cannot say that they alone were responsible. Nor is it an answer to this suggestion to say that plaintiff's counsel did not know that these affidavits were accessible. This ignorance was not justly chargeable to defendant. If it is true that the jurisdiction of the great hive depended upon the reading of the affidavits, it would be difficult to uphold its jurisdiction if it failed to understand those affidavits, or if it failed to correctly decide the issue raised by them. In other words, if the argument of plaintiff now under consideration is sound, it is the duty of the courts to determine

whether the tribunal to which the parties submitted their controversy reached a correct result. It is settled that the courts will assume no such duty. *Brush* v. *Fisher*, 70 Mich. 469 (38 N. W. 446, 14 Am. St. Rep. 510).

Was the determination invalid because there was read to the delegates the unsworn physician's certificate, withdrawn from the executive committee ? It is claimed, as we understand plaintiff's brief, that, when this certificate was presented, counsel for plaintiff objected to its consideration. This objection was not based on the ground that the certificate was not verified by oath, nor on the ground that it was not a part of the proofs taken before the committee, but upon the ground that he had a right to cross-examine the writer. In view of the fact that plaintiff's proofs were taken without affording the other side that right, this objection was not well taken. Moreover, as stated in *Derry* v. *Great Hive L. O. T. M. M.*, *supra*, it is not to be supposed that in this hearing before the great hive strict regard will be paid to legal rules of evidence. It has been said of awards like that under consideration :

"They are made by a tribunal of the parties' own selection, who are, usually at least, expected to act on their own view of law and testimony, more freely and less technically than courts and regular juries." *Port Huron, etc., R. Co.* v. *Callanan*, 61 Mich. 26 (34 N. W. 678).

I think it not too much to say that it is necessarily implied from the submission of the controversy to this great hive, a body of lay delegates several hundred in number, that the only rule for the admission and exclusion of testimony is that of common fairness. Such a method of procedure is not disadvantageous to the claimant. If it results, as it may, in a decision in his favor, the insurer society is bound by it. This arrangement would be one-sided and unfair if it did not bind him when it results, as in this case it did, in an adverse decision.

There is not involved in this case, as there has been in other cases (see *Fillmore* v. *Great Camp K. O. T. M.*,

103 Mich. 437 [61 N. W. 785], and cases there cited), the validity of the agreement between the parties to this suit to submit their differences to arbitration. They not only made such an agreement, but they actually did submit their differences to arbitration, and obtained an adjudication. The question involved in this suit relates not to the validity of the agreement for submission, but to the binding force of the adjudication. If arbitrators, after having given the parties the hearing to which they are entitled (see *Miller* v. *Hoffman, ante,* 319 [97 N. W. 759]), make a good-faith determination of the question submitted to them, their decision is binding. See *Lamson* v. *City of Marshall,* 133 Mich. 250 (95 N. W. 78); *Brush* v. *Fisher,* 70 Mich. 469 (38 N. W. 446, 14 Am. St. Rep. 510); *Port Huron, etc., R. Co.* v. *Callanan,* 61 Mich. 26 (34 N. W. 678). We have already shown that plaintiff cannot claim that he did not have the hearing to which he was entitled, and there is no evidence whatever of lack of good faith.

Complaint is made that the first committee, viz., the great executive committee, did not afford plaintiff's counsel the opportunity of being present when it finally disposed of the claim. As counsel had been heard fully prior to this, we doubt his right to be present when the decision was announced. The committee had a right to suppose from his communications that he did not expect to be present. And if the plaintiff had, as we have determined he did, a legal and fair hearing before the great hive, the validity of its decision cannot be affected by irregularities of this character.

The judgment of the court below must therefore be reversed, and a new trial granted.

MOORE, C. J., GRANT and MONTGOMERY, JJ., concurred. HOOKER, J., did not sit.