MINISTRELLI CONSTRUCTION CO, INC v SULLIVAN BROTHERS
EXCAVATING, INC

Docket No. 77-4466. Submitted November 3, 1978, at Grand Rapids.—
Decided March 19, 1979. Leave to appeal denied, 406 Mich
1013.

Plaintiff, Ministrelli Construction Co., Inc., general contractor on
a Michigan State Highway Department construction project,
sued defendant, Sullivan Brothers Excavating, Inc., a subcon-
tractor on the project, which counterclaimed for money due
and unpaid. Pursuant to the terms of the subcontract, the
matter was submitted to arbitration, which resulted in an
award to defendant. Defendant moved to affirm the award and
plaintiff moved to vacate the award. The basis for plaintiff's
motion to vacate was that, subsequent to the arbitration hear-
ing but prior to the award, each of the three arbitrators had an
*ex parte* telephone conversation with a witness, and, in one
case, the witness answered questions outside his field of exper-
tise concerning calculation of damages. The Ingham Circuit
Court, Thomas L. Brown, J., ruled that the motion to vacate
was timely filed and ordered the award vacated and the cause
remanded for arbitration before a new panel. Defendant ap-
peals by leave granted. *Held:*

1. An application to the circuit courts to set aside an arbitra-
tion award predicated upon corruption, fraud or other undue
means must be made within 20 days after such grounds are
known or should have been known.

2. An arbitration award should be vacated for arbitrator
misconduct where each of the three arbitrators made an *ex
parte* telephone contact with a witness, one of whom answered
questions outside his field of expertise regarding calculation of
damages.

Affirmed.

M. B. BREIGHNER, J., dissented. He would hold that a party

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Arbitration and Award §§ 168, 185.
 Time for impeaching arbitration award. 85 ALR2d 779.
[2] 5 Am Jur 2d, Arbitration and Award §§ 177, 179.
[3, 4] 5 Am Jur 2d, Arbitration and Award § 186.

seeking to vacate an arbitration award based on misconduct of an arbitrator must show by clear and convincing evidence both misconduct *and* prejudice. He would hold that, when the reviewing court fails to make specific findings as to these two issues, the Court of Appeals should remand to the reviewing court for specific findings.

OPINION OF THE COURT

1. ARBITRATION AND AWARD — VACATION OF AWARD — TIMELINESS OF
   APPLICATION — COURT RULES.

   An application to the circuit court to set aside an arbitration award predicated upon corruption, fraud or other undue means must be made within 20 days after such grounds are known or should have been known (GCR 1963, 769.9[2]).

2. ARBITRATION AND AWARD — VACATION OF AWARD — ARBITRATOR
   MISCONDUCT.

   An arbitration award may be vacated for arbitrator misconduct where each of the three arbitrators made an *ex parte* telephone contact with a witness, one of whom answered questions outside his field of expertise regarding calculation of damages.

DISSENT BY M. B. BREIGHNER, J.

3. ARBITRATION AND AWARD — VACATION OF AWARD — ARBITRATOR
   MISCONDUCT — BURDEN OF PROOF — PUBLIC POLICY FAVORING
   ARBITRATION AWARD FINALITY.

   *Public policy favors the finality of arbitration awards; a party seeking to vacate an arbitration award based on misconduct of the arbitrator must show by clear and convincing evidence both misconduct and prejudice.*

4. ARBITRATION AND AWARD — VACATION OF AWARD — BURDEN OF
   PROOF — FINDINGS OF FACT — APPEAL AND ERROR.

   *A court, in reviewing an arbitration award for arbitrator misconduct, should make a specific finding of fact as to the existence or nonexistence of misconduct and prejudice, applying the appropriate clear and convincing standard to the proofs, and the Court of Appeals should remand for specific findings where the lower court failed to make such specific findings.*

*Doyle, Carruthers & Hess, P.C.,* for plaintiff.

*John R. Perry,* for defendant.

Before: CYNAR, P.J., and R. B. BURNS and M. B. BREIGHNER,* JJ.

R. B. BURNS, J. An arbitration panel awarded Sullivan Brothers Excavating, Inc. (hereinafter Sullivan) $214,000 against Ministrelli Construction Co., Inc. (hereinafter Ministrelli). Upon Ministrelli's application, the trial court vacated the award and ordered the matter be rearbitrated before a new panel. Sullivan appeals. We affirm.

Ministrelli, general contractor on a Michigan State Highway Department construction project, brought suit in circuit court against Sullivan, a subcontractor on the project. Sullivan counterclaimed for money earned but not paid. Pursuant to the terms of the subcontract, the matter was submitted to arbitration. Hearings before the arbitrators were concluded June 3, 1976, the award was made June 30, 1976, and the parties were promptly notified of the award. Sullivan made a motion to affirm the award in circuit court on July 21, 1976. On August 4, 1976, Ministrelli answered and made a motion to vacate the award.

Facts established in circuit court indicate that between June 3, 1976, and June 30, 1976, each arbitrator made an *ex parte* telephone contact with a witness. One arbitrator called Ministrelli's office, another arbitrator called Sullivan's office, and the third arbitrator called the Michigan State Highway Department. The arbitrator who called Ministrelli's office spoke to a Ministrelli employee, who answered questions outside his field of expertise concerning calculation of damages. The employee did not inform his employer until one or two weeks after the third week of July, 1976.

The circuit court judge determined that Minis-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

trelli had timely raised an issue of misconduct by the arbitrators, inferred that the *ex parte* contracts were of a prejudicial nature, and ruled that the award must be vacated.

An arbitration award may be vacated upon the grounds stated in GCR 1963, 769.9(1), which provides in part:

"Upon application of a party, the court shall vacate an award where:

"(a) The award was procured by corruption, fraud or other undue means;

"(b) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;

"(c) The arbitrators exceeded their powers; or

"(d) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing as to prejudice substantially the rights of a party."

The time within which the application may be brought is limited by GCR 1963, 769.9(2), which provides:

"An application under this Rule shall be made within 20 days after delivery of a copy of the award to the applicant, except that, if predicated upon corruption, fraud or other undue means, it shall be made within 20 days after such grounds are known or should have been known."

5 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 449, states:

"A party seeking to vacate an award must apply by motion within twenty days after delivery to him of a copy of the award if the grounds he advances in support

of his motion appear on the face of the award, or occurred overtly in the proceeding (i.e., the arbitrators exceeded their powers, sub-rule 769.9(1)(c); or refused postponement for good cause, refused material evidence, or otherwise indulged in prejudicial conduct, sub-rule 769.9(1)(d); or showed evident partiality, sub-rule 769.9(1)(b)). Applications to vacate awards for the other causes listed in the sub-rule (fraud, corruption, or other *misconduct)* must be made within twenty days after such grounds become known, or should have been known. Sub-rule 769.9(2)." (Emphasis supplied.)

We agree that the actions of the arbitrators constituted misconduct. Ministrelli applied to vacate the award within 20 days of the date such conduct became known and therefore applied in a timely manner.

Affirmed. Costs to plaintiff.

CYNAR, P.J., concurred.

M. B. BREIGHNER, J. *(dissenting).* I respectfully dissent.

## APPLICATION WAS TIMELY FILED

I agree that plaintiff's application was timely filed because the alleged arbitrator misconduct did not occur on the face of the award nor overtly in the proceedings. 5 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 449.

## APPLICATION STATES ADEQUATE GROUNDS TO VACATE

In addition to filing a timely application, a party seeking to vacate an arbitration award must state grounds under GCR 1963, 769.9(1). That subsection states the sole grounds for vacating an arbitration

award. *Detroit Automobile Inter-Insurance Exchange v Ayvazian,* 62 Mich App 94, 98; 233 NW2d 200 (1975).

Plaintiff's allegation of arbitrator misconduct does not state grounds to vacate under subsection 769.9(1)(a). That subsection was intended to apply only to the conduct of the opposing parties or third parties, other than the arbitrators themselves. *Cf.,* Persig, *Some Comments on Arbitration Legislation and the Uniform Act,* 10 Vand L Rev, 685, 704 (1957) (drafter's interpretation of identical language in the Uniform Arbitration Act). Plaintiff's application does raise a substantial issue of "misconduct prejudicing the rights of any party", which is a ground for vacating an arbitration award under subsection 769.9(1)(b). The phrase "undue means" as used in subsection 769.9(2) is broad enough to cover misconduct by an arbitrator that prejudices the rights of any party.

### Decision To Vacate Not Supported By The Record

There exists strong public policy favoring finality of arbitration awards. The party seeking to vacate such an award bears a heavy burden of proof by clear and convincing evidence. *Brush v Fisher,* 70 Mich 469; 38 NW 446 (1888).

To support a finding of prejudicial arbitrator misconduct, there must be positive evidence of both misconduct and prejudice. Misconduct by a juror may be sufficient to set aside a jury verdict without showing such misconduct influenced the verdict. By contrast, a showing of arbitrator misconduct, other than corruption or fraud, must be coupled by positive proof of prejudice before an arbitrator's award will be set aside. The court rules so require. Also, arbitration proceedings are

not governed by the same standards as judicial proceedings. *Port Huron & N R Co v Callanan,* 61 Mich 22; 34 NW 678 (1887).

On appeal from a judgment confirming or vacating an arbitration award this Court exercises a limited scope of review. *Werner v The Travelers Indemnity Co,* 55 Mich App 390, 394; 222 NW2d 254 (1974).

Although there is evidence on the record of this case to support findings of arbitrator misconduct and prejudice, the record does not establish that the trial court found prejudice, or, if it did find prejudice, that it applied the appropriate standard of proof.

Testimony of Ministrelli's employee was sufficient to establish the fact and the nature of the *ex parte* communication. It is generally agreed that outside consultation regarding the subject matter of an arbitration award is misconduct, warranting the setting aside of the award, where such misconduct had an influence on the decision reached. Anno: *Arbitrator's consultation with outsider or outsiders as misconduct justifying vacation of award,* 47 ALR2d 1362.

It is possible to infer prejudice from other facts in this case. Information revealed by Ministrelli's employee during the *ex parte* communication was actively solicited by one of the arbitrators. This communication was at the behest of all of the arbitrators. This evidences that all thought it was important to their decision. Information gathered went to the heart of the damage issue.

However, the trial court did not deal directly with the issue of prejudice. At the original hearing on plaintiff's motion to vacate, the trial court indicated it did not specifically find prejudice. On the other hand, at the rehearing, the trial court

found "It was * * * highly probable that the information gathered influenced the ultimate decision". That finding was based on "the fact that the calls were made" and the fact that the information gathered went to "the heart of the issue" of damages. Further on, the court again suggested that positive proof of prejudice was not essential or that such proof need not be clear and convincing. It analogized the situation with a judicial proceeding and concluded that the arbitrators' misconduct, "under these very touchy situations, could result in at least the appearance of impropriety, the possibility of prejudice, and * * * that is highly likely under these circumstances".

I would remand for a hearing in which the issue of prejudice should be determined under the appropriate standard of proof.