| 109 | 13 |
| 126 | 581 |

| 109 | 13 |
| d138 | ²387 |

| 109 | 13 |
| f156 | ¹648 |
| 156 | ¹649 |
| 156 | ¹651 |
| 156 | ¹652 |

| 109 | 13 |
| 158 | ²198 |

FILLMORE *v.* GREAT CAMP, KNIGHTS OF MACCABEES.

1. MUTUAL BENEFIT ASSOCIATIONS—CLAIM FOR BENEFITS—PROOFS OF DEATH—WAIVER.

Where a mutual benefit association has expressly waived the right to require that the beneficiary in the certificate of insurance shall submit proofs of death in the form prescribed by the regulations of the association, it cannot subsequently demand that such proofs be furnished as a prerequisite to a consideration of the claim.

2. SAME—ENFORCEMENT OF CLAIM—DUTY OF BENEFICIARY.

The beneficiary in a certificate of insurance issued by a mutual benefit association must, in the absence of fraud or oppression on the part of the association and its officers, exhaust the remedy prescribed by the charter and by-laws, before resort can be had, if at all, to the civil courts.

Petition by Catherine M. Fillmore for leave to file a bill of review in her suit against the Great Camp of the Knights of the Maccabees for Michigan, and others, reported in 103 Mich. 437. Submitted January 7, 1896. Denied March 31, 1896.

*Thompson, Harriman & Thompson,* for petitioner.

*McDonell & Hall,* for defendants.

GRANT, J. The essential facts in this case will be found in 103 Mich. 437. After the rendition of that decision, complainant paid the costs of the suit, and presented her claim to the executive committee of the great camp. In presenting this claim, she stated, through her attorneys, that proofs of death were waived by the executive committee under date of July, 1893. The committee replied to this that no consideration could be given to the alleged claim unless proofs of death were submitted in the usual way and on the blanks prescribed by the

committee.  Blanks in use for such purpose were inclosed
with the communication to her attorneys.  She thereupon
filed this petition for leave to file a bill of review.

The principal reasons assigned by her are the refusal of
the committee to pass upon her claim, and the fact that this
committee, which consists of three, have already passed up-
on the merits of her claim, and are therefore incompetent
to hear it.  One of them, Mr. Aitken, was the great com-
mander, upon whose advice the officers of the local tent
notified Mr. Fillmore that he was expelled.  Another is
the attorney who has conducted this litigation on the part
of the defendants.  The third, upon the date of July 17,
1893, wrote to the complainant's agent that Mr. Fillmore
was not, at the time of his death, in good standing, and
therefore there was no necessity of sending blank proofs of
death.  It is also alleged that the personnel of the executive
committee has changed by the election of two of these
members since the decree.  The petitioner further alleges
that she cannot now comply with the requirements of
these proofs of loss, because they are required to be pre-
sented within one year of the date of death, which year
has expired, and they now require her to furnish a cer-
tificate, to be made by the commander, the record keeper,
and the finance keeper, that the deceased was in good
financial standing, having paid all dues and assessments
up to the date of his death, and was a member of the tent.

The answer admits the refusal of the committee to act,
and insists upon the duty of the complainant, under the
by-laws of the order, to submit her proofs upon the cus-
tomary blanks; and, as a reason therefor, they assert
that their sole reason for so doing was that the hearing of
said claim should be conducted according to the laws,
rules, and regulations governing said order and said
executive committee.  They also assert in their answer,
and their attorney stated upon the hearing, that they
were willing and ready to proceed with the hearing of
the claim, and to give her the right to appeal to the great
camp.

We think the committee should have proceeded to hear the claim in the form it was presented. They had expressly waived proofs of loss. It was therefore unnecessary and unreasonable to require her to use the blank form of proof, with many of the provisions of which she could not comply. It has been repeatedly decided, by this court and others, that, when insurance companies expressly waive proofs of loss or of death, it is unnecessary to furnish them, and the hearing of the claims should proceed without them.

Under the former opinion in this case and the authorities there cited, it was the duty of the complainant to proceed to enforce her claim under the charter and by-laws of the defendant, and, if she has any remedy in the courts, it must be after that remedy is exhausted, unless a case of fraud or undue oppression is made out on the part of the defendant and its officers. We do not think that such a case is made. The executive committee are bound to take the evidence, and submit it, with their conclusions, to the great camp, where her claim may be heard and her proofs presented. There is no showing that the great camp is prejudiced against her claim. The question involved is an important one, namely, whether a member owning stock in a brewing corporation is engaged in the manufacture or sale of spirituous or malt liquors as a beverage, either as a principal, agent, or servant, in consequence of which his membership is forfeited. It is sufficient, for this case, to say that she must exhaust her remedy, provided by the rules of this voluntary association, by which Mr. Fillmore was bound as a voluntary member.

The prayer of the petition must be denied.

The other Justices concurred.