ESTA ATER, Assignee of MARY A. MALAN, Appellant, v. MUTUAL BENEFIT DEPARTMENT of the Order of Railway Conductors, Appellee.

No. 43618.

FEBRUARY 16, 1937.

Penningroth & Holmes, Raymond N. Klass, and Joseph Evans, for appellant.

Grimm, Elliott, Shuttleworth & Ingersoll, for appellee.

STIGER, J.—On August 1, 1932, the defendant, an unincorporated Fraternal Mutual Benefit Association, issued a certificate of insurance to Charles A. Malan. Mary A. Malan, wife of

the said member, was designated the beneficiary. After the death of Mr. Malan the beneficiary submitted her claim under the certificate to the insurance committee, which was the executive head of the defendant, which claim was rejected and the beneficiary notified of the decision of the insurance committee. Subsequently the beneficiary assigned all her rights, title and interest in the certificate to the plaintiff.

The plaintiff brought this action on the certificate to collect the insurance.

The by-laws of the organization contained the following provisions:

"Each and every article herein contained or hereafter enacted shall apply to and become a part of all certificates of membership heretofore or hereafter issued. Any member or claimant who is dissatisfied with any decision made by the insurance committee, may appeal to the Board of Directors of the Order, whose decision shall be final, provided an appeal from the decision of the insurance committee must be taken within ninety days from the date of notice of the decision to be appealed from.

"No suit, either at law or in equity, shall be prosecuted against the Mutual Benefit Department, or any of its officers, by any member or beneficiary to recover any death or disability claim until after all the remedies afforded by these laws have been exhausted."

The defendant in division 3 of its answer alleged that plaintiff's assignor had wholly failed to take or prosecute an appeal from the decision of the insurance committee to the board of directors, within the time or in the manner provided for by the laws governing the defendant society, and that by reason thereof, and plaintiff's assignor wholly failing to exhaust the remedies within the order, neither plaintiff's assignor nor plaintiff, as assignee, had a right to maintain the present suit, and by reason thereof the decision of the insurance committee became final.

It is conceded that the internal remedies provided by the by-laws were not exhausted, no appeal having been taken from the insurance committee to the board of directors.

The plaintiff filed a motion under Code section 11131 for a disposal of the following points of law growing out of the said answer of the defendant:

"Does a provision requiring internal appeal extend beyond matters of internal policy and management to a contract for the payment of specified sums, specific contract rights, so that in the absence of such internal appeal this litigation cannot be maintained.

"Is a by-law providing for internal appeal on matters of specific contract rights void (against public policy), as tending to oust the courts of jurisdiction.

"Does the alleged by-law regarding internal appeal by 'any member or claimant' apply to a 'beneficiary' of an insurance policy, providing a specific contract right and benefit."

In ruling on said motion the trial court held that the provision requiring internal appeal extends beyond matters of internal policy and management and includes a contract for the payment of specific sums and the failure of the plaintiff or her assignor to exhaust the internal remedies provided by the association itself precluded plaintiff from resorting to the court and that she could not maintain the action. The court also held that the provisions regarding internal appeal by "any member or claimant" applied to the beneficiary and also to the plaintiff assignee.

The plaintiff elected to stand on the ruling of the court on the motion and it was agreed that plaintiff's motion would be treated as a demurrer. Judgment was then entered for the defendant, excepting defendant's tender to the plaintiff of all premiums paid by the insured.

I. The rule in this state is that provisions of by-laws requiring resort to the internal tribunals of a beneficial society and the exhaustion of the remedies within the order as a condition precedent to maintaining an action at law or equity are valid and will constitute a complete defense to an action in the courts. This rule is supported by the great weight of authority. Finnerty v. Supreme Counsel Catholic Knights, 115 Iowa 398, 88 N. W. 834; Lillie v. Brotherhood of Railway Trainmen, 114 Iowa 252, 86 N. W. 279; 8 Couch, Cyc. of Ins. Law, p. 6570, §1992; 45 C. J. 266; 7 C. J. 1121, §83; New Era Life Assn. v. Zangbell, 266 Mich., 371, 254 N. W. 134; Fillmore v. Great Camp Knights of Maccabees, 109 Mich. 13, 66 N. W. 675; Lindahl v. Supreme Court Independent Order of Foresters, 100 Minn. 87, 110 N. W. 358, 360, 8 L. R. A. (N. S.) 916, 117 Am.

St. Rep. 666; Pennsylvania Co. v. Reager's Adm'r, 152 Ky. 824, 154 S. W. 412, 52 L. R. A. (N. S.) 842, Ann. Cas. 1915B, 312; Cotter v. Grand Lodge, etc., 23 Mont. 82, 57 Pac. 650; Supreme Counsel of Order, etc. v. Forsinger, 125 Ind. 52, 25 N. E. 129, 9 L. R. A. 501, 21 Am. St. Rep. 196.

This rule applies not only to questions of internal management, discipline and doctrine but also to claims for benefits and for money due. Weigand v. Fraternities Acc. Order, 97 Md. 443, 55 Atl. 530. The reason for the rule is well stated in Lindahl v. Supreme Court, etc., supra. The court states:

"Nor can it be unreasonable to require that the member or his beneficiary shall appeal to the governing body of the order and thus secure the approval or rejection of his claim by the final action of those who are entitled to speak with conclusive effect for the order. Until the highest authority in the order has rejected the claim, it may reasonably be said that the debtor has not refused to pay. It follows that if the requirements are reasonable, and not of such a nature as to nullify the contract by rendering its enforcement so difficult and uncertain as to destroy its value, that they will be enforced by the courts."

There is a conflict of opinion upon the question whether it is competent for a beneficial association to require submission of claims for benefits to the tribunals of the order and make their decisions final. Cases on this subject are annotated in 51 A. L. R. 1420.

The appellant relies on the case of Pearson v. Anderburg, 28 Utah 495, 80 Pac. 307, 309. Utah is one of the very few states that has adopted the minority view that resort to internal remedies is not a condition precedent to a resort to the courts. See Daniher v. Grand Lodge, 10 Utah 110, 37 Pac. 248. Other authorities cited by appellant are cases where the by-laws attempted to make the decision of the internal tribunal final and thus attempt to oust the court of jurisdiction. In the instant case the policy provided that "the Constitution and Laws of the Order of Railway Conductors of America and by-laws of its 'Mutual Benefit Department' as now in force or hereafter enacted are a part hereof." The application for insurance had substantially the same provision.

II. Appellant contends that the provision in the by-laws above quoted providing that *any member or claimant who is*

*dissatisfied with any decision*, etc. (Italics ours), excludes the plaintiff's assignor who was the beneficiary named in the certificate and that the beneficiary is not a claimant within the meaning of this provision of the by-laws and therefore neither plaintiff nor her assignor were required to exhaust the internal remedies provided by by-laws.

We find no merit in this contention. Article No. 5 of the by-laws provides that "all death and disability claims shall be subject to their examination (sub-committee) and no claim shall be paid until approved by them. The insurance committee shall decide any questions that may arise." A claimant is a person who demands anything as his right. 11 C. J., 825; Websters International Dictionary, 1933 edition. The provision in the by-laws that no suit shall be prosecuted by any member or benefi-. ciary to recover any death or disability claim until after all the remedies afforded by these laws have been exhausted manifestly designates a beneficiary as claimant. Plaintiff's assignor was clearly within the provisions of the by-laws requiring an appeal from the decision of the insurance committee to the board of directors. The ruling of the trial court on the legal propositions presented by the motion was correct and the ruling appealed from is affirmed.

After the plaintiff elected to stand on the ruling of the court on the motion or demurrer, a judgment was entered dismissing the action but provided that the defendant "having tendered and paid into court the sum of $253.36 as admitted to be due and owing plaintiff as refund of all premiums paid by the insured and which tender and payment is confirmed and approved by this court, the plaintiff is entitled to said sum tendered."

No appeal was taken from this judgment and this opinion does not in any way affect that part of the judgment finding that plaintiff was entitled to the sum tendered.—Affirmed.

RICHARDS, C. J., and DONEGAN, HAMILTON, PARSONS, SAGER, ANDERSON, and KINTZINGER, JJ., concur.