LEAH F. DUNCAN, Appellant, v. BROTHERHOOD OF LOCOMOTIVE FIREMEN & ENGINEMEN, Appellee.

No. 44379.

AUGUST 5, 1938.

REHEARING DENIED NOVEMBER 25, 1938.

Gilmore, Moon & Bannister and Stipp, Perry, Bannister & Starzinger, for appellant.

Roberts & Roberts, for appellee.

MILLER, J.—The defendant Brotherhood, appellee, is a fraternal beneficiary insurance association with its principal office and place of business in Cleveland, Ohio. On October 25, 1933, one Lysle Duncan was a member of Ottumwa Lodge No. 41 of said Brotherhood and on said date it issued to him its beneficiary certificate of insurance in the sum of $1,500, therein designating his wife, Leah F. Duncan, appellant herein, as beneficiary. Lysle Duncan died on or about July 31, 1935, at which time all assessments were paid upon this certificate. Following his death, the required proofs of death and identifications of decedent and of appellant as beneficiary were furnished appellee. Within ten days or two weeks following her husband's death, appellant, at the request of the recording and financial secretary of the local Ottumwa lodge of appellee, mailed to said local secretary the beneficiary certificate in question, together with a copy of the Constitution of the Brotherhood, which had been in her husband's possession. This certificate and copy of the constitution were both retained by appellee and never returned to appellant. On November 30, 1935, appellee, through its general secretary and treasurer notified appellant of its rejection of her claim, and of its disclaimer of any and all liability under the benefit certificate in question. This rejection of her claim was by letter in which letter was enclosed three checks in the total amount of $71.36, representing assessments that had been paid upon said certificate, together with interest.

Thereafter, on February 5, 1936, appellant filed her petition herein; to which petition appellee filed its answer, its substituted answer, and its amendment to its substituted answer. In these pleadings appellee admitted its execution of the beneficiary certificate sued upon, admitted the death of said Lysle Duncan, alleged that its constitution and laws, together with the applica-

tion for membership and medical examination, and the beneficiary certificate constituted the agreement between the member and the Brotherhood; alleged that appellant had not complied with the provisions of its constitution in either exhausting her remedy by appeal or by giving notice in writing of her intention to bring this action; alleged that appellant had not complied with the terms of the beneficiary certificate in exhausting her remedy by appeal as provided therein; and further alleged that on account of her failure to so exhaust her remedy by appeal, as provided by the laws of appellee, that she was deprived of the right to maintain this action.

Appellant, in her reply, alleged: First, that the constitution and laws of the Brotherhood do not provide for an appeal by a beneficiary named in a beneficiary certificate of the Brotherhood; and, second, that the acts of appellee in taking possession of the beneficiary certificate and her copy of its constitution and retaining same, without advising her that she was required to appeal from the rejection of her claim and give 30 days notice of her intention to bring an action, constituted a fraud upon appellant and that appellee was therefore estopped from relying upon such alleged failure to appeal from the rejection of her claim, and to give 30 days notice of her intention to bring this action.

The testimony was undisputed and following the introduction of all the testimony, motions were made by both parties for directed verdicts. In compliance with an agreement, the jury was excused from further consideration of the case and it was agreed that the court should take said motions under advisement and later file his ruling.

Thereafter, on the 6th day of July, 1937, the court filed a memorandum opinion, therein overruling appellant's motion for directed verdict, and sustaining appellee's motion for directed verdict; and in compliance with said rulings the court on the 29th day of July, 1937, entered judgment dismissing appellant's petition upon its merits and rendered judgment against appellant for the costs of the action; providing however that as appellee had tendered the sum of $71.36, being the amount of assessments plus interest paid by the insured, that appellee pay said sum to the clerk of the courts, and if not so paid by September 1, 1937, that judgment would be entered against appellee therefor.

Examination of the briefs and arguments reveals that dur-

ing the trial below there must have been involved a claimed defense of false statements made by the insured in his application for the beneficiary certificate in question. However, if so, this defense has been entirely abandoned, as the record before us fails to reveal any basis therefor either in the pleadings or in the testimony; and likewise, while that matter is referred to by the trial court in his opinion, no finding whatever is made relative thereto.

We are then concerned with the question of whether or not the trial court was correct in his ruling to the effect that appellant failed to exhaust her remedies by appeal, as provided by the laws of the Brotherhood, and that therefore she is not entitled to recover. The beneficiary certificate in question contains the following provisions:

"ALL RIGHTS OF ACTION by the Beneficiary upon this Certificate shall be absolutely barred unless proof of death, as required by said Constitution, shall be made within six months from the time that said Beneficiary has acquired knowledge of the fact of the death of said member, * * * Any action on this Certificate, either by the aforesaid member or the Beneficiary designated herein, shall be absolutely barred unless such action shall be commenced in some court of competent jurisdiction within six months from the final rejection of the claim by the highest tribunal of the Brotherhood."

The beneficiary certificate, in addition to providing for payment to the beneficiary in the event of the insured's death, likewise contains provisions for the payment of disability allowances to the insured for disabilities suffered by him while living, and the deleted portion of the quoted clause from the certificate, above set out, refers to claims by the insured for disabilities while living. An analysis of the above quoted clause of the certificate reveals that said clause is purely one of limitation, as by the terms thereof it is plainly provided that any action thereon by the beneficiary shall be absolutely barred unless such action shall be commenced within six months from the final rejection of the claim by the highest tribunal of the Brotherhood. It is impossible to construe the quoted clause from the certificate to be a condition precedent to commencing an action, and an attempt to impute to that clause a construction to the effect that it prohibits the commencement of an action until after the final

rejection of the claim by the highest tribunal of the Brotherhood would be injecting a construction and meaning to the words therein that the clause does not permit. Being satisfied that this certificate provision constitutes a limitation only as to the time wherein an action should be commenced, it follows that the same does not require an appeal by the beneficiary before instituting action.

The certificate in question, however, contains the following provision:

" * * * that the Constitution now in force, or as may be hereafter altered or amended, is and shall be a part of this contract in the same manner and to the same extent as if said Constitution, or alterations or amendments thereto, were written herein."

Section 18 of Article VIII of the constitution provides as follows:

"Must Give Notice of Intention to Bring Action.

"Sec. 18. If a claim has been disapproved by the General Secretary and Treasurer and the applicant is dissatisfied and desires to bring action against the Brotherhood, he shall first exhaust all remedy by appeal provided by the laws of the Brotherhood, and thereafter he shall, before bringing action, give the General Secretary and Treasurer thirty (30) days' notice in writing of his intention to bring such action."

In view of the fact that the beneficiary certificate makes the constitution of the Brotherhood a part of the insurance contract, and in view of the fact that the appellant's claim was disapproved and disallowed by the General Secretary and Treasurer of the Brotherhood, it is the contention of appellee that the appellant herein failed to exhaust her remedy by appeal as provided by the laws of the Brotherhood, and thereafter before bringing this action failed to give the General Secretary and Treasurer thirty days notice in writing of her intention to bring such action; and that as a result the above quoted section of the constitution bars her from prosecuting the instant action. Appellant contends that the word "applicant", as used in said section, does not apply to a beneficiary, and that therefore the provisions of said section 18 of Article VIII are not applicable in the instant action.

The word "applicant" as used in said section, standing alone, undoubtedly includes a beneficiary making application for insurance. However, in the instant case, a critical examination of the entire constitution is required to ascertain the import and meaning of said word "applicant" as the same is used in said section 18 of Article VIII. This critical examination of the constitution has not been accomplished without considerable difficulty, as the same is a quite lengthy and cumbersome document consisting of 348 pages, and has been correctly characterized by the Michigan court in the case of Bishop v. Brotherhood of Loc. Firemen & Eng., 204 Mich. 605, 171 N. W. 528, as follows (page 531):

"Defendant's constitution is a lengthy and cumbersome document, containing numerous numbered articles, divided into many numbered sections, again often subdivided into alphabetically marked subsections or paragraphs, sometimes inharmonious and difficult to reconcile."

In the consideration of the provisions of the constitution, to be hereinafter set out, it is to be recalled that the certificate in question not only provides for payment to the beneficiary in the event of the insured's death, but likewise provides for disability allowances to the insured while living, as a member of the Brotherhood.

For the purpose of construing the word "applicant" as found in said section 18 of Article VIII, it is necessary that we examine the entire provisions of this constitution wherever said word is used. Subsection (a) of section 8 of Article VIII, provides as follows:

"The beneficiary certificate shall state name and number of the lodge of the applicant; the name and relationship if any, of the beneficiary, the amount of certificate, and the conditions upon which said certificate was issued."

Section 5 of Article II is devoted to defining the duties of the General Secretary and Treasurer of the organization. In subsections (dd), (ee), (ff), (gg), (hh), (ii) and (jj) thereof is found the word "applicant" or "applicants", but all of said subsections are limited to defining duties of the General Secretary and Treasurer in connection with applications for beneficiary certificates, or with applications for disability allowances

by members of the order; and make no mention whatever of claims or applications on the part of a beneficiary. These particular subsections are then followed by subsection (11) which provides as follows:

"In all cases where applications concerning participation in any of the insurance, or pension departments, or for benefits or allowances from such departments, are rejected, the applicant or lodge of which he is a member shall have the right of appeal to the International President and the Board of Directors, the decision of the Board of Directors to be final."

Section 5 of Article VIII is entitled "Disposition of Application for Beneficiary Certificate", and in the various subdivisions thereof is found the word "applicant". However, the provisions of each of these subdivisions deal solely with applications for beneficiary certificates, and therein is contained a provision that if an applicant for a beneficiary certificate is rejected by the General Secretary and Treasurer the applicant or lodge of which he is a member shall have the right of appeal from such decision.

Article XVII of the constitution relates to appeals, and section 5 (a) thereof, being entitled "Other Appeals", provides as follows:

"(a)  A member considering he has not received just treatment by action of a lodge, general grievance committee or legislative board, on any matter not covered in other sections of this article, may appeal to the International President. In all cases where applications concerning participation in any of the insurance or pension departments or for benefits or allowances from such departments are rejected by the General Secretary and Treasurer, the applicant, or lodge of which he is a member, shall have the right of appeal to the International President."

It is to be observed from the above provisions of the constitution that the word "applicant" as found in section 8 of Article VIII refers solely to a member as the insured in a beneficiary certificate; that the use of the word "applicant" in all of the subsections of section 5 of Article II preceding subsection (11) thereof, relates solely to applications for beneficiary certificates or to applications for disability allowances, and that said subsection (11) thereof relating to appeals, immediately follows such

546

provisions relating solely to applications for beneficiary certificates and applications for disability allowances; that the use of the word "applicant" as found in section 5 of Article VIII relates solely to applications for beneficiary certificates; and that section 5 (a) of Article XVII contains provisions for an appeal by a member, followed by the provision:

"In all cases where applications concerning participation in any of the insurance or pension departments or for benefits or allowances from such departments are rejected by the General Secretary and Treasurer, the applicant, or lodge of which he is a member, shall have the right of appeal to the International President."

The last sentence above quoted is a portion of the subsection granting a member the right of appeal, and by the very wording thereof it is provided that the "applicant" referred to must be a member of the Brotherhood, wherefore said clause must refer to an applicant for disability allowance. The language, "applicant, or lodge of which he is a member" limits the applicant to one who is a member of one of the subordinate lodges of the Brotherhood, and prevents said "applicant" from being any one other than a member of one of said lodges.

It appears to us, from an examination of the entire constitution, that the word "applicant", wherever the same is used, is limited to either a member applying for a beneficiary certificate, or to a member applying for a disability allowance under his beneficiary certificate; and the application of that construction to the word "applicant" results in the conclusion that the word "applicant" as the same is used in section 18 of Article VIII, is limited to a member applying for a beneficiary certificate or applying for disability allowance under his certificate, and that therefore the said word "applicant" is not applicable to and does not apply to a beneficiary. This conclusion is strengthened by an examination of the provisions of section 19 of Article VIII, which section is entitled "Limitation of Right of Action of Beneficiaries", and reads as follows:

"All right of action arising under any beneficiary certificate issued by the Brotherhood shall be absolutely barred unless claim is filed and proof of death is made within six months from the time the beneficiary has acquired knowledge of the death of the member; * * * And such action against the Brotherhood

shall likewise be absolutely barred unless commenced by the claimant in some court of competent jurisdiction within six months after the final rejection of the claim by the highest tribunal authorized by the laws of the Brotherhood to consider and pass upon same.''

This section, which creates a period of limitation in which action must be commenced by a beneficiary, provides that action against the Brotherhood shall be absolutely barred unless commenced by the ''claimant'' in some court of competent jurisdiction within six months after the final rejection of the claim. It is to be observed that in the use of the language in said section 19 of Article VIII, relating to a beneficiary, that the beneficiary therein is not designated as the ''applicant'', but as the ''claimant''. This section being the only one in the constitution relating unquestionably to a beneficiary, and therein designating such beneficiary as ''claimant'' supports the conclusion that the word ''applicant'' as used in said constitution does not include a beneficiary.

In addition thereto, it is to be noted that said section 18 of Article VIII provides that if a claim has been rejected by the General Secretary and Treasurer, and the applicant is dissatisfied and desires to bring further action, he shall first exhaust all remedy *by appeal provided by the laws of the Brotherhood.* Critical examination of the constitution of the appellee Brotherhood herein has failed to reveal any provision for an appeal by a beneficiary. We have heretofore in this opinion set out the provisions of subsection (ll) of section 5 of Article II; of section 5 of Article VIII; and of section 5 (a) of Article XVII, which apply to appeals. It is to be recalled that in each of these sections that an appeal is only provided for by an ''applicant, or the lodge of which he is a member'', which in and of itself limits the applicant granted the right of appeal to a member of one of the subordinate lodges. An analysis of Article XVII of the constitution, which is devoted to appeals, reveals that section 1 thereof provides for an appeal by a member of the Grand Lodge from the Board of Directors to a Convention; that section 2 provides for an appeal by a clerk or assistant or any employee to the Board of Directors; that section 3 provides for an appeal by a member found guilty by a lodge of charges preferred against him; and that section 4 provides that a member may appeal

from a decision of the local grievance committee, or its chairman, to his lodge, and that a member may appeal from the decision of his lodge to the chairman of the General Grievance Committee. Section 5 thereof relating to other appeals has been heretofore set out in full. These provisions contained in the Article upon Appeals contain no references to beneficiaries.

In addition thereto subsection (g) of section 1 of Article II, relating to the duty of the International President states as follows:

"He shall promptly decide all questions and appeals submitted to him by all boards, committees, subordinate lodges or members; said decisions being final, unless reversed by the Board of Directors and punish or reprove all violators of the law as herein provided. Decisions involving interpretation of law shall be final unless reversed by a Convention."

Subsection (h) of section 7 of Article II of the constitution, relating to the duties of the Board of directors, reads as follows:

"(h) They shall have authority, when in session, to deal with appeals, when properly presented by boards, committees, subordinate lodges, Grand Lodge employees, or individual members, and it will be the duty of the board at each meeting to carefully investigate appeals presented to them and to equitably determine the controversy and their decision shall be final."

The quoted sections from the constitution of the Brotherhood contain all the provisions relating to an appeal within the organization itself, in so far as we have been able to find them after a thorough search of this lengthy document; and it is to be noted therefrom that at no place is there any provision whatever relative to an appeal by a beneficiary, or any directions whatever as to what particular officer or board an appeal should be taken by a beneficiary. It is likewise to be noted that in the constitution of the appellee Brotherhood that the method and manner of taking an appeal by a member, as to all of the matters wherein he is privileged to appeal, are fully provided for, but that likewise in the constitution there is not at any place any direction as to the manner or method of proceeding with an appeal on the part of the beneficiary. In view of these provisions of appellee's constitution, which we have endeavored to set out in so far as applicable, we are compelled to reach the conclusion

that the provisions of section 18 of Article VIII are not applicable to and do not apply to a beneficiary, and that therefore the appellant in the instant case did not fail to exhaust her remedy by appeal before instituting this action, as is contended by appellee, and that the action of the trial court in so finding was erroneous.

Appellee, in argument, relies upon our recent case of Ater v. Mut. Benefit Dept. of the Order of Railway Conductors, 222 Iowa 1390, 271 N. W. 517. In that action, as in the instant case, the defense was interposed that the beneficiary had failed to exhaust her remedies by appeal within the order. Therein we recognized the rule in this state to be, that provisions of by-laws requiring resort to the internal tribunals of a beneficial society, and the exhaustion of the remedies within the order as a condition precedent to maintaining an action at law or equity, are valid and will constitute a complete defense to an action in the courts; and at this time we are heartily in accord with that pronouncement. However, as we fail to find any provisions in the instant case requiring any resort to the internal tribunals of the appellee by a beneficiary, as a condition precedent to maintaining an action, the principle is not applicable. The by-laws of the defendant in the Ater case contained the following provisions:

"Each and every article herein contained or hereafter enacted shall apply to and become a part of all certificates of membership heretofore or hereafter issued. *Any member or claimant who is dissatisfied with any decision made by the insurance committee, may appeal to the Board of Directors of the Order, whose decision shall be final, provided an appeal from the decision of the insurance committee must be taken within ninety days from the date of notice of the decision to be appealed from.*

"No suit, either at law or in equity, shall be prosecuted against the Mutual Benefit Department, or any of its officers, by any *member or beneficiary* to recover any death or disability claim until after all the remedies afforded by these laws have been exhausted." (Italics ours.)

It is to be observed therefrom that the by-laws specifically provide for an appeal by any *member or claimant,* and likewise the Board of Directors of the Order is designated as the body to which an appeal must be taken; whereas in the instant case

no provisions are made for appeals except by members, as applicants for beneficiary certificates and as applicants for disability allowances; and no provisions are made whatever designating the person or body to whom an appeal could be taken by a beneficiary.

It is true that in the Ater case we found that the word "claimant" found in the by-laws therein included a beneficiary, and appellee claims that the same is authority for its contention that "applicant" herein likewise includes a beneficiary. However, in the Ater case we were not confronted with by-laws or provisions whereby said word "claimant" could be construed to have any interpretation other than to mean a person who demands anything as his right. Likewise the coupling of the phrase relative to appeal by any *member or claimant* with the condition precedent to the effect that no suit shall be prosecuted by any *member or beneficiary* until after the remedies afforded by the by-laws had been exhausted, results in the conclusion that "claimant" therein included a beneficiary. The facts in the instant case do not reveal any such situation, but the entire constitution of appellee negatives, rather than corroborates, any contention that the word "applicant" should be construed as including a beneficiary.

In view of our conclusion that the action of the trial court was erroneous in finding that appellant failed to exhaust her remedies of appeal before instituting the instant action, it is unnecessary for us to consider appellant's contention that the acts of appellee in taking possession of the certificate in question and her copy of the constitution, and in failing to advise her of the necessity of an appeal from the rejection of her claim, constituted a fraud upon her and estopped appellee from interposing the same as a defense.

In view of the conclusions that we have reached herein, it necessarily follows that there must be a reversal. However, we are here confronted with a situation wherein the facts are all undisputed; wherein we have found that under the undisputed facts the trial court was in error in determining that appellee had established the only defense plead by it; which finding upon our part results in all questions of law and fact being fully settled in favor of recovery by appellant. Under these circumstances, we deem it our duty, not only to reverse but to direct a judgment in favor of appellant. First Sav. Bank

v. Edgar, 199 Iowa 1136, 199 N. W. 1011; McCarl v. Clarke County, 167 Iowa 14, 148 N. W. 1015; Landis v. Interurban R. Co., 173 Iowa 466, 154 N. W. 607; First Presbyterian Church v. Dennis, 178 Iowa 1352, 161 N. W. 183, L. R. A. 1917C, 1005; Emery & Co. v. Wabash R. Co., 183 Iowa 687, 166 N. W. 600.

The judgment is reversed and the cause remanded with instructions to the court below to render judgment in favor of appellant for the sum of $1500 with interest at the rate of 5% per annum from July 31, 1935, and for costs.—Reversed and remanded.

SAGER, C. J., and HAMILTON, DONEGAN, ANDERSON, RICHARDS, and KINTZINGER, JJ., concur.

MITCHELL, J., concurs in result.